In re Merrill KARLEN and Rosemarie Karlen, d/b/a Karlen Family Ranch, Karlen Boy's Trust and Karlen Girl's Trust.

UNITED STATES of America, BUREAU OF INDIAN AFFAIRS, Appellee,

v.

Merrill KARLEN and Rosemarie Karlen, d/b/a Karlen Family Ranch, Karlen Boy's Trust and Karlen Girl's Trust, Appellants.

No. 90–5293.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1991.

Decided June 4, 1991.

John Harmelink, Yankton, S.D., for appellants.

Ted L. McBride, Sioux Falls, S.D., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

This appeal marks the second time that this case has been before us.

On October 7, 1988, the district court[1] entered a memorandum opinion and order that held that the Bureau of Indian Affairs was entitled to satisfy its judgment against appellant Merrill Karlen from funds being held in trust by the law firm of Johnson, Johnson & Eklund in the form of Time Investor Certificates Nos. 1186 and 1187 issued by the American State Bank, Wessington Springs, South Dakota. The order remanded the case to the bankruptcy court for entry of an order consistent with the memorandum opinion. On September 19, 1989, we filed our opinion affirming the district court's October 7, 1988, order. *In re Karlen*, 885 F.2d 479 (8th Cir.1989).

Following the issuance of our mandate, the bankruptcy court entered an order on December 15, 1989, directing that the above-described time investor certificates be endorsed and delivered to the Bureau of Indian Affairs, as directed by the district court's October 7, 1988, memorandum opinion and order. Following a hearing on appellants' motion for reconsideration of the December 15, 1989, order, the bankruptcy court entered an order on February 15, 1990, continuing the matter for ninety days so that the Bureau of Indian Affairs could investigate and respond to appellants' allegation that the Lower Brule Indian Tribe or the Bureau of Indian Affairs had wrongfully enclosed 533 acres of real estate in Lyman County, South Dakota, owned by appellants, thereby in effect satisfying the judgment against Merrill Karlen.

---

1. The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota.

Following the government's application for leave to appeal the February 15, 1990, order, the district court entered an order withdrawing the reference of the case from the bankruptcy court. Following a hearing, the district court entered an order on May 18, 1990, which directed the Johnson, Johnson & Eklund law firm to deliver the above-described time investor certificates to the United States Attorney's Office at Sioux Falls, South Dakota, and ordered that the American State Bank of Wessington Springs, South Dakota, pay to the United States Attorney for the District of South Dakota the accrued value of the certificates.

Appellants contend on appeal that the Bureau of Indian Affairs' constructive confiscation of appellants' real estate constituted a partial or full satisfaction of the judgment that gave rise to the district court's October 7, 1988, order.

We agree with the government that the district court's order of October 7, 1988, clearly directed the surrender of the time investor certificates in question and that upon the filing of our mandate the bankruptcy court had no authority to do other than to enter an order enforcing the terms of that order. Any dispute between appellants and the Bureau of Indian Affairs or the Lower Brule Tribe with respect to appellants' land will have to be resolved in a separate proceeding. As the district court pointed out, and as our original opinion indicated, the judgment giving rise to this action was obtained by the Bureau of Indian Affairs in March 1980. We will not countenance further delays in this case by newly injected issues that have nothing to do with the merits of the 1980 judgment against Merrill Karlen.

The government has moved for the imposition of sanctions against appellants under Rule 38 of the Federal Rules of Appellate Procedure. We would be disposed to grant the motion, were it not for the fact that it is arguable (although only marginally so) that because one of the assistant United States attorneys involved in this case indicated at one point that the government was willing to accept payment in a form other than that directed by the October 7, 1988, order, that order was subject to modification by the bankruptcy court. Accordingly, the motion for sanctions is denied, although by only the narrowest of margins and only on the assumption that upon the receipt of our mandate the district court's order will be fully and promptly complied with.

The district court's order of May 18, 1990, is affirmed, and the case is remanded to the district court for execution of that order. Our mandate to issue forthwith.